Holy Spirit Hospital, Petitioner *v.* Commonwealth of Pennsylvania, Workmen's Compensation Appeal Board and Zelma T. Gilroy, Respondents.

Argued September 10, 1979, before Judges WIL-KINSON, JR., ROGERS and CRAIG, sitting as a panel of three.

*William F. Martson,* with him *Mark E. Garber, Jr.,* and *Garber, Fowler & Addams,* for petitioner.

*Lawrence W. Dague,* with him *Larry A. Makel,* Assistant Attorney General, for respondents.

OPINION BY JUDGE WILKINSON, JR., October 10, 1979:

In this appeal, petitioner challenges an order of the Workmen's Compensation Appeal Board (Board) imposing a penalty of 10 percent on all compensation due for alleged violations of The Pennsylvania Workmen's Compensation Act (Act), Act of June 2, 1915, P.L. 736, *as amended,* 77 P.S. §1 et seq., as authorized by Section 413(b) of the Act, 77 P.S. §774.1.[1] We modify and affirm.

---

[1] Section 413(b) of the Act reads in pertinent part as follows:

Any insurer who suspends . . . payments of compensation without submitting an agreement or supplemental agreement therefor . . . or a final receipt . . . or without filing a petition and either alleging that the employe has

The facts for purposes of this appeal are not in dispute. Zelma T. Gilroy, claimant, sustained a work-related injury on August 30, 1973. Pursuant to a notice of compensation payable, claimant received workmen's compensation benefits until June 27, 1974, at which time a petition for modification was filed and payment of benefits unilaterally suspended. A hearing was held before the referee on November 27, 1974 at which the doctor testified. In an opinion dated February 27, 1976, Referee Cassidy ordered benefits suspended as of June 21, 1974.[2] On appeal to the Board, the order suspending compensation was vacated and the case remanded for further proceedings by order of the Board dated September 2, 1976.

On October 4, 1976, the Department of Labor and Industry sent a Notice of Hearing to the parties for purposes of determining whether the unilateral suspension of compensation involved any violation of the Act. The Board reversed Referee Noonan's determination on this issue concluding that the suspension violated Section 413 of the Act, 77 P.S. §774.[3]

---

returned to work at his prior or increased earnings or where the petition alleges that the employe has fully recovered and is accompanied by an affidavit of a physician . . . to that effect . . . or having requested and been granted a supersedeas . . . shall be subject to penalty as provided in section 435 [77 P.S. §991].

[2] June 21, 1974 represents the date on which, according to the doctor who prepared the affidavit which accompanied the petition for modification, claimant could return to work.

[3] Section 413 reads in part:

The filing of a petition to terminate or modify a notice of compensation payable . . . shall operate as a supersedeas, and shall suspend the payment of compensation . . . only when such petition alleges that the employe has returned to work at his prior or increased earnings or where the petition alleges that the employe has fully recovered and is accompanied by an affidavit of a physician . . . to that effect. . . .

The modification petition contained no allegation that claimant had returned to work of any sort; the dispute here centers on the validity of physician's "affidavit" which accompanied the petition.

The affidavit is substantively defective because it fails to support the necessary allegation that claimant had fully recovered. Although the doctor opined that claimant was able to resume without limitation her former occupation, the following observation also appears in the doctor's statement: "Mrs. Gilroy is still experiencing *incapacitating headaches* at least a few days a week." (Emphasis added.) This latter statement saps whatever probative value the affidavit otherwise possessed.

The affidavit is additionally defective because of the absence of the oath or affirmation of its author.

For the period of time following Referee Cassidy's order of suspension of February 27, 1976, and preceding the Board's September 2, 1976 order vacating that suspension, a supersedeas had in effect been granted thereby validating the nonpayment of benefits during that period of time.

In the face of the clear violation of the Act presented by the instant facts, authority to impose a penalty is plainly set out in Sections 413(b) and 435 of the Act, 77 P.S. §991. Subsection (d)(i) of Section 435 authorizes assessment of a penalty "not exceeding ten per centum of the amount awarded and interest accrued and payable. . . ." Therefore, the penalty imposed upon this petitioner by the Board was not improper, with the following modification: No penalty may be assessed for the period of time from the date of Referee Cassidy's suspension order until it was set aside by the Board, *i.e.* February 27, 1976 to September 2, 1976.

Petitioner asserts that the workmen's compensation authorities did not have jurisdiction to entertain the penalty action while an appeal of the Board's order vacating Referee Cassidy's decision was pending before our Court. We disagree.

Subsection (b) of Section 435 of the Act provides that,

[i]f it appears that there has not been compliance with this act or rules and regulations promulgated thereunder the department may, on its own motion give notice to any persons involved in such apparent non-compliance and schedule a hearing for the purpose of determining whether there has been compliance.

The Department of Labor and Industry took precisely the action contemplated by the foregoing portion of the Act. A violation of the Act with respect to the suspension of compensation exists independently of the possible merits of a modification petition. In light of the duty imposed by Section 401.1 of the Act, 77 P.S. §710 to "enforce the time standards and other performance standards herein provided for the prompt processing of injury cases and payment of compensation when due . . ." the imposition of a penalty in a situation such as that presented by this case is entirely appropriate.

Petitioner's final argument, that the Board exceeded its scope of review by making substituted finding of fact and conclusions of law is without merit. A violation of Section 413(b) of the Act is readily apparent from the first five of Referee Noonan's findings. The Board properly deleted finding of fact No. 6 which stated that the Commonwealth had failed to establish any violation of the Act. Aside from its obvious resemblance to a legal conclusion, finding of fact No. 6 is directly contradicted by the preceding findings and is simply at odds with the record.

Accordingly, we will enter the following

ORDER

AND Now, October 10, 1979, the order of the Workmen's Compensation Appeal Board dated October 20, 1977 at Docket No. A-72969 assessing a penalty against employer and/or its insurance carrier in the amount of 10 percent on all compensation due from June 27, 1974 until November 17, 1976 is affirmed with the following modification: no penalty shall be imposed on payments due from February 27, 1976 to September 2, 1976.

It is accordingly ordered that judgment be entered against Holy Spirit Hospital and/or its insurance carrier Pennsylvania Manufacturers Association Insurance Company in favor of claimant, Zelma T. Gilroy.