558 A.2d 148

M.D.S. Laboratories and Insurance Company of North America, Petitioners *v.* Workmen's Compensation Appeal Board (Munchinski), Respondents.

Submitted on briefs January 20, 1989, to Judges CRAIG and BARRY, and Senior Judge BLATT, sitting as a panel of three.

*Raymond F. Keisling, Will, Keisling, Ganassi & Mc-Closkey,* for petitioners.

*William F. Caruthers, Caruthers & Caruthers, P.C.,* for respondent, Joseph A. Munchinski, Deceased, Mary Jane Munchinski, Widow.

OPINION BY JUDGE CRAIG, April 27, 1989:

M.D.S. Laboratories and Insurance Company of North America (petitioners) appeal from an order of the Workmen's Compensation Appeal Board (WCAB) which assessed penalties pursuant to Section 435(d)(i) of The Pennsylvania Workmen's Compensation Act, Act of June 2, 1915, P.L. 736, *as amended,* 77 P.S. §991(d)(i) for

failure to pay promptly compensation which had been awarded to Mary Jane Munchinski.

On January 16, 1986, the referee ordered the petitioners to pay compensation to Mrs. Munchinski for the work-related death of her husband. On January 31, 1986, the petitioners appealed and requested a supersedeas. Approximately ten months later, the WCAB denied the supersedeas. Petitioners allege that they never received notice of the denial from the WCAB. On November 21, 1986, the WCAB issued an order affirming the decision of the referee.

On January 16, 1987, Mrs. Munchinski filed a petition for penalties because petitioners had failed to pay any of the compensation the referee had ordered. Petitioners paid Mrs. Munchinski the past due compensation after receiving notice of that petition. After payment, the referee issued an order directing petitioners to pay a twenty-percent (20%) penalty on the compensation award from the date of the decedent's death through the date the past due benefits were paid. Petitioners appealed to the WCAB, which affirmed the penalty but advanced the beginning of the penalty period to the date of the referee's original order.

The issue before us is whether a defendant employer is justified in delaying prompt payment of compensation, and is thus relieved from late payment penalties when the defendant is awaiting a decision on a supersedeas, and when the WCAB fails to forward a copy of its supersedeas denial decision to the defendant.

Section 430 of the Act, 77 P.S. §971, specifically provides that the lien of any judgment entered upon an award is not divested by an appeal. Furthermore, no appeal shall act as a supersedeas unless the board or court to which the appeal is taken shall grant the supersedeas.

In *Holy Spirit Hospital v. Workmen's Compensation Appeal Board,* 46 Pa. Commonwealth Ct. 372, 406 A.2d

583 (1979), an employer suspended payment of benefits to a claimant and filed a petition for supersedeas. The court held that a violation of the Act with respect to the suspension of compensation existed independently of the possible merits of a modification petition. ,

Moreover, the purpose of the 1972 amendment of §413 of the Act, 77 P.S. §774, which no longer permits an automatic supersedeas upon the filing of a petition for termination of compensation, was to relieve the employee of the harsh results of an automatic suspension of benefits.

The removal of that burden on the employee, however, correspondingly placed a comparable burden on the employer to continue paying compensation during the litigation period. *Department of Labor and Industry v. Workmen's Compensation Appeal Board,* 34 Pa. Commonwealth Ct. 265, 383 A.2d 261 (1978).

Petitioners contend that they never received notice to pay the compensation award. However, the WCAB correctly found that petitioners knew as a matter of law that they were responsible for the payment of compensation when the referee issued his decision of January 16, 1986 finding the death compensable.

Petitioners also contend that, if they had made payment and the WCAB granted a supersedeas upon request, they would not have qualified for reimbursement from the Supersedeas Fund. We disagree.

In *Department of Labor and Industry v. Workmen's Compensation Appeal Board,* this court held that §443 of the Act, 77 P.S. §999, which allows for reimbursement of payments in cases where a supersedeas request has initially been denied but granted upon the final outcome, was extended to cases where payments were made before a pending supersedeas that is granted upon request without ever being denied:

It is clear that we must presume that '... the General Assembly does not intend a result that is absurd ... or unreasonable.' ... If we were to hold that where the application for supersedeas is granted, the Insurer is not entitled to receive retroactive reimbursement, employers or insurers filing such requests would feel compelled to suggest to the referee, sotto voce, that they be refused. Thus, employers who have filed termination petitions in the clearest of cases would not receive reimbursement, while in those cases where some doubt existed, the insurer might eventually be reimbursed retroactively.

34 Pa. Commonwealth Ct. at 270, 383 A.2d at 263.

In *Jarvis v. Jarvis,* 40 Pa. Commonwealth Ct. 65, 397 A.2d 27 (1979), a widow tried to collect benefits from her deceased husband's employer's insurance carrier. The carrier filed a petition for supersedeas which was denied initially but ultimately granted. The carrier never paid compensation to the widow. The court stated that, although it was not unsympathetic to the carrier, it was mindful that the carrier had been the architect of its own dilemma:

If we strike off the judgment, what will prevent defendants in workmen's compensation cases from following the same procedures used by Phoenix in order to delay the payment of benefits in every case to claimants who may justly deserve them?

40 Pa. Commonwealth Ct. at 68, 297 A.2d at 29.

The court concluded that, had the carrier paid the award as the Act required, and then sought restitution under section 443 of the Act, penalties would not have been assessed.

Finally, petitioners argue that penalties should not be assessed because of the lengthy period of time the WCAB took to respond to their supersedeas request. The court addressed this problem in *Bureau of Workers' Compensation v. State Workmen's Insurance Fund*, 98 Pa. Commonwealth Ct. 414, 511 A.2d 919 (1986), in which a request for supersedeas filed in March of 1980 was not acted on until July 16, 1981. The court, citing *Department of Labor and Industry v. Workmen's Compensation Appeal Board (Bethlehem Mines Corp.)*, 79 Pa. Commonwealth Ct. 290, 469 A.2d 705 (1984), determined that, because no proper action had been taken on respondent's supersedeas request, the request should have been regarded as being denied.

Although the WCAB's delay in our case is not commendable, petitioners should have presumed that a delay in response to their supersedeas request was tantamount to a denial and honored their obligation to pay compensation to Mrs. Munchinski.

Because the Workmen's Compensation Act specifies that a lien of any judgment entered upon an award is not divested by an appeal, and petitioners failed to make payment while their supersedeas request was pending, we conclude that the WCAB's assessment of a 20% penalty for petitioners' failure to pay compensation promptly is entirely appropriate.

Accordingly, we affirm the decision of the WCAB.

### ORDER

NOW, April 27, 1989, the order of the Workmen's Compensation Appeal Board, dated July 22, 1988, No. A-93524, is affirmed.