627 A.2d 218

James CUNNINGHAM, Petitioner,

v.

**WORKMEN'S COMPENSATION APPEAL BOARD
(INGLIS HOUSE), Respondent.**

Commonwealth Court of Pennsylvania.

Argued Nov. 17, 1992.

Decided June 8, 1993.

Reargument Denied July 27, 1993.

F. Barbara Danien, for petitioner.

David L. White, for respondent.

Before PALLADINO and FRIEDMAN, JJ., and SILVESTRI, Senior Judge.

FRIEDMAN, Judge.

James Cunningham (Claimant) petitions for review of an order of the Workmen's Compensation Appeal Board (WCAB) reversing a referee's order assessing penalties against Employer. We vacate and reinstate the order of the referee with modification.

Claimant filed a claim petition against Inglis House (Employer) for a work-related spine injury he suffered on April 18, 1984. On June 4, 1987, after hearings on the matter, the referee granted Claimant's petition and awarded wage loss benefits. Employer did not, however, begin making payments as ordered by the referee. Rather, Employer filed a timely appeal to the Workmen's Compensation Appeal Board and petitioned for supersedeas.

The WCAB failed to rule on Employer's petition for supersedeas until October 16, 1987, approximately four months later, at which time it granted the petition. On June 24, 1988, however, the WCAB affirmed the referee's decision awarding benefits. Employer then filed a timely appeal to this court, and concurrently requested supersedeas from the WCAB. The WCAB denied supersedeas on October 7, 1988. Employer then filed an application for stay with this court. This court denied Employer's application for stay on November 4, 1988. On November 28, 1988, Employer finally paid claimant pursuant to the referee's order of June 4, 1987. This court ultimately affirmed the WCAB's order of June 24, 1988, completing the first set of proceedings in this matter.

While Employer's appeal in the first set of proceedings was pending before this court, Claimant initiated a separate, second set of proceedings before the Bureau of Workers' Compensation claiming penalties for Employer's violation of § 430(b) of The Pennsylvania Workmen's Compensation Act (Act).[1]

Claimant filed his penalty petition on August 4, 1988, after Employer appealed the merits to this court and before Em-

1. Act of June 2, 1915, P.L. 736, *as amended*, added by Section 3 of the Act of February 8, 1972, P.L. 25, *as amended*, 77 P.S. § 971(b).

ployer had made any payments to Claimant. After a hearing on November 30, 1988, the Referee granted Claimant's penalty petition. The referee ordered Employer to pay a 20% penalty on all money due to Claimant from June 24, 1988, the date on which the WCAB affirmed the referee's award of benefits until November 27, 1988, the day before Employer finally made its first payment to Claimant.

Both parties appealed the referee's decision to the WCAB. Claimant appealed on grounds that the referee should have assessed penalties for a longer period of time, from the original date of Claimant's injury, April 18, 1984, until November 28, 1988, the date Employer made its first payment to Claimant. Employer appealed on grounds that assessment of penalties was improper altogether. The WCAB determined that "under the circumstances, [Employer's] delay in payment was reasonable" and reversed the referee's order assessing penalties.

Claimant now petitions for review of the WCAB's decision, arguing that the WCAB erred in concluding that Employer's delay in payment of wage loss benefits was "reasonable" and did not warrant assessment of penalties.

Authority to impose penalties is set out in §§ 430(b) and 435(d) of the Act. Section 430(b), 77 P.S. § 971(b) provides:

Any insurer or employer who terminates, decreases or refuses to make any payment provided for in the decision without filing a petition and being granted a supersedeas shall be subject to a penalty as provided in section 435, except in the case of payments terminated as provided in section 434.

Section 435(d), 77 P.S. § 991(d) provides in pertinent part:
(d) The department, the board, or any court which may hear any proceedings brought under this act shall have the power to impose penalties as provided herein for violations of the provisions of this act or such rules and regulations or rules of procedure:

(i) Employers and insurers may be penalized a sum not exceeding ten per centum of the amount awarded and

interest accrued and payable: Provided, however, That such penalty may be increased to twenty per centum in cases of unreasonable or excessive delays. Such penalty shall be payable to the same persons to whom the compensation is payable.

The arguments set forth by the parties raise the following questions: (1) did the WCAB have jurisdiction to consider the penalty petition, given that an appeal in the matter was already pending before this court; (2) did the WCAB err in reversing the referee's imposition of penalties on grounds that Employer's failure to pay was "reasonable" under the circumstances? [2]

■ Employer argues that the referee and the WCAB lacked jurisdiction to entertain Claimant's penalty petition while the first set of proceedings was pending before this court. We disagree.

Our holding in *Holy Spirit Hospital v. Workmen's Compensation Appeal Board (Gilroy)*, 46 Pa.Commonwealth Ct. 372, 406 A.2d 583 (1979) controls here. In *Holy Spirit Hospital*, the employer, after paying benefits to claimant for a time, filed a petition for modification and unilaterally suspended payment of benefits on that date. After both the referee and the WCAB had ruled on the matter, the employer petitioned this court for review. While that petition was pending, the WCAB, in separate proceedings, imposed penalties against employer under § 435(d) of the Act for its improper suspension of benefit payments. Although the employer argued that the worker's compensation authorities had no jurisdiction to hear the penalty action, we held that a "violation of the Act with respect to the suspension of compensation exists independently of the possible merits of a modification petition" and found that the WCAB's imposition of a penalty in those

**2.** Our scope of review is limited to determining whether necessary findings of fact are supported by substantial evidence, an error of law has been committed, or the claimant's constitutional rights were violated. *Loose v. Workmen's Compensation Appeal Board (John H. Smith Arco Station)*, 144 Pa.Commonwealth Ct. 332, 601 A.2d 491 (1991).

circumstances was "entirely appropriate." *Id.* at 376, 406 A.2d at 585.

Here, Claimant alleges that Employer improperly refused to make payments in spite of the referee's order dated June 4, 1987. It does not matter that Employer in this case never began making payments whereas the employer in *Holy Spirit Hospital* suspended payments it had previously been making. Section 430(b) applies equally to any employer who "terminates, decreases or *refuses* to make *any payment.*" (Emphasis added.) Violation of the Act with respect to any improper non-payment of compensation exists independently of the merits of the case, and penalty proceedings may be brought before the worker's compensation authorities while the merits of the case are pending before this court.

■ Having determined that the WCAB had jurisdiction over this matter, we turn now to the question of whether the WCAB erred in reversing the referee's imposition of penalties on grounds that Employer's failure to pay was "reasonable" under the circumstances.

To recap the facts with regard to this issue, the referee awarded benefits to Claimant on June 4, 1987 and circulated the decision on June 18, 1987. Employer filed a timely appeal to the WCAB and concurrently requested supersedeas. The WCAB granted supersedeas approximately four months later, on October 16, 1987. However, on June 24, 1988, the WCAB affirmed the referee's decision awarding benefits to Claimant.

According to Claimant, the WCAB's decision on Employer's supersedeas request was untimely, and its failure to act upon the request for four months should have been regarded as a denial of that request. Thus, Claimant argues, Employer violated § 430(b) of the Act, 77 P.S. § 971(b), by not commencing payment pursuant to the referee's June 4, 1987 order.

Claimant relies partially on 34 Pa.Code § 111.24(b) for the proposition that the WCAB's ruling on Employer's petition was untimely. § 111.24, entitled "Disposition of request for supersedeas," provides in pertinent part:

(b) The Board will rule on requests for supersedeas within 20 days of the date when the answer is due or the answer is received, whichever occurs first, or the request shall be deemed denied.

However, as Employer correctly points out, this regulation did not take effect until April 8, 1989, long after any material time in this case.

Nonetheless, we agree with Claimant that the WCAB's decision on Employer's supersedeas request, rendered four months later, was untimely. In *M.D.S. Laboratories v. Workmen's Compensation Appeal Board (Munchinski)*, 125 Pa.Commonwealth Ct. 460, 558 A.2d 148 (1989), we held that when the WCAB fails to take timely action on a supersedeas request, the request must be regarded as if it were denied. In *M.D.S. Laboratories*, the referee ordered employer to pay compensation to claimant for the work-related death of her husband. Employer filed a timely appeal and requested supersedeas, but the WCAB failed to rule on the request for ten months. We stated that employer "should have presumed that a delay in response to [its] supersedeas request was tantamount to a denial and honored [its] obligation to pay compensation to [claimant]." *Id.* at 465, 558 A.2d at 150. Likewise, the four-month delay in this case rendered the WCAB's ruling untimely.

Employer violates § 428 of the Act, 77 P.S. § 921, if it does not begin making payments within thirty days of the date on which its obligation to pay arose. In this case, Employer's obligation to pay Claimant arose when the referee's decision was circulated on June 18, 1987. The fact that Employer appealed and requested a supersedeas from the WCAB is insufficient to suspend its obligation to obey the referee's order. Employer may not withhold any payment without filing a petition and being *granted* a supersedeas. Section 430(b) of the Act, 77 P.S. § 971(b). On July 18, 1987, thirty days after the referee's decision, the WCAB still had failed to rule on Employer's supersedeas request. At that point, Employer should have presumed the request to be denied. Ac-

cordingly, Employer was obligated to commence payment on that date in order to avoid paying penalties.

Employer also argues that its failure to commence payment of benefits to Claimant was proper because the WCAB ultimately granted its supersedeas request, albeit four months later. However, the subsequent granting of a supersedeas request does not excuse an earlier violation of the Act. An order granting supersedeas may not be applied retroactively. *M.A. Bruder & Son, Inc. v. Workmen's Compensation Appeal Board (Thomas Harvey)*, 86 Pa.Commonwealth Ct. 353, 485 A.2d 93 (1984). Employer should have commenced payment by July 18, 1987. We do note, however, that Employer was not in violation of the Act from October 16, 1987 until June 24, 1988 because a supersedeas was in effect for that time period. No penalty may be assessed during the time in which a supersedeas is in effect. *Holy Spirit Hospital.*

Employer further argues that because it was awaiting a ruling on the case's merits at the time Claimant filed his penalty petition, the provisions of the Act no longer applied to Employer's conduct. Following similar reasoning, the WCAB held that Employer "reasonably" withheld payment until this court issued a ruling on Employer's request for a stay. We disagree.

Initially, we note that Employer first violated the Act from July 18, 1987 until October 16, 1987, long before it appealed to this court and filed an application for stay. The fact that Employer later appealed to this court and requested a stay is inconsequential to this time period. As previously stated, Employer was not in violation of the Act from October 16, 1987 until June 24, 1988 because a supersedeas was in effect during that time.

Employer violated the Act a second time, from July 24, 1988 until it paid Claimant on November 28, 1988 when it failed to commence payment within thirty days of the WCAB's decision on June 24, 1988 affirming the award of benefits to Claimant. Regarding this later time interval, employer urges that it

should not have had to pay until this court ruled on the application for stay which it filed. According to Employer, Pa.R.A.P. 1781 "does not contemplate that [Employer] pay first then ask for a supersedeas or stay later." (Respondent's Brief at 16.) We disagree. Employer's obligation to pay claimant is not divested by *any* appeal. Section 430(a) of the Act, 77 P.S. 971(a). In order to avoid penalties for non-payment, Employer must file *and be granted* a supersedeas. Section 430(b) of the Act, 77 P.S. 971(b). At no point after the WCAB's decision of July 24, 1988 was Employer granted a supersedeas or stay. The WCAB denied Employer's request for supersedeas on October. 7, 1988 and this court denied Employer's application for stay on November 4, 1988. Thus, according to § 430(b) of the Act, Employer was subject to penalties.

Our decision in this case is in keeping with the purpose of § 435, which is to "give the department needed powers and mechanisms to require employers to make reasonably prompt payment of compensation." *Keystone Trucking Corporation v. Workmen's Compensation Appeal Board,* 40 Pa.Commonwealth Ct. 326, 329, 397 A.2d 1256, 1258–9 (1979). To hold otherwise would create an unnecessary financial hardship on Claimant, but our decision works no hardship on Employer. Were Employer to be granted a supersedeas or stay at any time after commencing payments, it would be entitled to reimbursement from the Workmen's Compensation Supersedeas Fund under § 443 of the Act, 77 P.S. § 999. *See M.D.S. Laboratories.*

Because the WCAB committed an error of law in reversing the referee's decision imposing penalties, we therefore vacate the order of the WCAB dated March 5, 1992, and we reinstate the order of the referee dated January 20, 1989, modified to reflect that Employer violated the Act from July 18, 1987 to October 16, 1987, and from July 24, 1988 until it paid Claimant on November 28, 1988.[3] Accordingly, we remand to the

**3.** The referee found that Employer was in violation of the Act from June 24, 1988 until November 28, 1988.

250

WCAB to remand to the referee to assess penalties against Employer consistent with this opinion.

## ORDER

AND NOW, this 8th day of June, 1993, the Order of the Workmen's Compensation Appeal Board dated March 5, 1992 is vacated. We reinstate the order of the referee dated January 20, 1989 modified to reflect that Employer violated the Act from July 18, 1987 to October 16, 1987 and from July 24, 1988 until November 28, 1988. We remand to the Workmen's Compensation Appeal Board to remand to the referee to assess penalties against Employer consistent with this Opinion.

Jurisdiction relinquished.