646 A.2d 58

**Lillian WINKELMANN, Petitioner,**

**v.**

**WORKMEN'S COMPENSATION APPEAL BOARD (ESTATE OF Eleanor C. O'NEILL, and Pittsburgh National Bank), Respondents.**

Commonwealth Court of Pennsylvania.

Submitted May 27, 1994.

Decided July 20, 1994.

Petition for Allowance of Appeal Denied
February 14, 1995.

Mark J. Homyak, for petitioner.

Stewart A. Karn, for respondents.

Before McGINLEY, and KELLEY, JJ., and KELTON, Senior Judge.

McGINLEY, Judge.

Lillian Winkelmann (Claimant) petitions for review of an order of the Workmen's Compensation Appeal Board (Board) that reversed a referee's decision awarding her workers' compensation benefits and vacated a referee's subsequent award

of penalties based on her employer's [1] failure to pay the underlying compensation award despite the deemed denial of Employer's supersedeas request. We reverse the Board and reinstate the penalty award issued by the referee.

Claimant was employed by the late Eleanor O'Neill as a geriatric nurse companion in February of 1980 when she sustained a hip injury while trying to lift Ms. O'Neill from the floor. Her injury resulted in subsequent surgery which included the insertion of an artificial hip in January of 1981. On June 12, 1986, Claimant filed a claim petition for benefits and medical expenses resulting from her injury. On June 8, 1990, the referee awarded Claimant partial disability benefits and reasonable and necessary medical expenses.

On July 3, 1990, Employer appealed the referee's decision and concurrently filed a request for supersedeas. On July 13, 1990, Claimant filed an answer to Employer's supersedeas request. The Board never acted upon the supersedeas request, and as a result, under Section 111.24(b) of the Special Rules of Administration Practice and Procedure before the Workmen's Compensation Appeal Board, 34 Pa.Code § 111.24(b) [2] the request was deemed denied twenty days after Claimant filed her answer.

Despite the deemed denial of the supersedeas request, Employer continued to refuse to pay the compensation awarded to Claimant. On December 3, 1990, Claimant filed a penalty petition pursuant to Section 435(d) of The Pennsylvania Workmen's Compensation Act (Act), Act of June 2, 1915, P.L. 736, as amended, 77 P.S. § 991(d).[3] Employer did not

---

1. Eleanor O'Neill, Claimant's employer, who is now deceased, is represented by the Estate of Eleanor O'Neill and Pittsburgh National Bank, which handles the Estate's affairs.

2. § 111.24. Disposition or request for supersedeas.
   (a) The Board may grant the request for supersedeas in whole or in part.
   (b) The Board will rule on requests for supersedeas within 20 days of the date when the answer is due or the answer is received, whichever occurs first, or the request shall be deemed denied.

3. This section states in pertinent part:

file an answer to Claimant's penalty petition until April 24, 1991, more than four months later.[4]

On December 11, 1991, the referee issued a decision awarding Claimant a twenty percent penalty on the underlying compensation award. This amounted to a penalty of $25,-925.96 based on an underlying compensation award of $129,-629.81. Employer filed an appeal from the penalty petition award and concurrently requested a supersedeas. The Board granted Employer a supersedeas from paying the penalty award.

On April 30, 1992, the Board reversed the referee's grant of benefits. In its decision, the Board noted that Claimant had failed to present substantial competent evidence that she suffered a work-related injury. This Court affirmed the Board by memorandum opinion and order dated January 21, 1993.[5]

On October 22, 1993, the Board issued a subsequent decision reversing the referee's penalty award reasoning that because there was no longer an underlying award of compensation, the award of penalties was without any basis. Claimant appeals here.

> (d) The department, the board, or any court which may hear any proceedings brought under this act shall have the power to impose penalties as provided herein for violations of the provisions of this act or such rules and regulations or rules of procedure:
> (i) Employers and insurers may be penalized a sum not exceeding ten per centum of the amount awarded and interest accrued and payable: Provided, however, That such penalty may be increased to twenty per centum in cases of unreasonable or excessive delays. Such penalty shall be payable to the same persons to whom the compensation is payable.
> (ii) Any penalty or interest provided for anywhere in this act shall not be considered as compensation for the purposes of any limitation on the total amount of compensation payable which is set forth in this act.

4. Under Section 416 of the Act, 77 P.S. § 821, an answer must be filed within 15 days of the filing of the petition.

5. *Winkelmann v. Workmen's Compensation Appeal Board (Estate of Eleanor O'Neill and Pittsburgh National Bank)* (—— C.D. ——, filed January 21, 1993).

Before this Court Claimant contends that the Board erred in reversing the penalty award where Employer's request for supersedeas was deemed denied and Employer continued to refuse to pay the underlying compensation award. Our scope of review is limited to determining whether necessary findings of fact are supported by substantial evidence, whether an error of law was committed, or whether constitutional rights have been violated. *Loose v. Workmen's Compensation Appeal Board (John H. Smith Arco Station)*, 144 Pa.Commonwealth Ct. 332, 601 A.2d 491 (1993).

In *Cunningham v. Workmen's Compensation Appeal Board (Inglis House)*, 156 Pa.Commonwealth Ct. 241, 627 A.2d 218 (1993), this Court noted that even where an employer has filed a timely appeal from a compensation award and has concurrently requested a supersedeas from the Board, the employer's obligation to commence compensation payments to the claimant begins thirty days after the supersedeas was deemed denied under 34 Pa.Code § 111.24(b). *Id.* at 247–48, 627 A.2d at 221–22. Also, the fact that Employer subsequently prevailed on its appeal does not excuse earlier violations of the Act.[6] *Id.* at 248, 627 A.2d at 222. In *M.D.S. Laboratories v. Workmen's Compensation Appeal Board (Munchinski)*, 125 Pa.Commonwealth Ct. 460, 558 A.2d 148 (1989), we noted that "no appeal shall act as a supersedeas unless the board or court to which the appeal is taken shall grant the supersedeas." *Id.* at 462, 558 A.2d at 149. Absent a supersedeas, the burden remains on the employer to continue paying compensation during the litigation period.[7] *Id.* at 463, 558 A.2d at 150. In the present case, Employer was never granted a supersedeas regarding payment of the underlying compensation award.

**6.** The obligation to commence payments within thirty days of the denial of a supersedeas applies equally to any employer who terminates, decreases or *refuses* to make *any payment* (emphasis in original). *Id.* 156 Pa.Cmwlth. at 246, 627 A.2d at 221.

**7.** Pursuant to Section 443 of the Act, 77 P.S. § 999, an employer is allowed reimbursement from the Supersedeas Fund where a supersedeas request has initially been denied, but granted upon the final outcome. *M.D.S. Laboratories*, 125 Pa.Commonwealth Ct. at 463, 558 A.2d at 150.

Also in *Cunningham* we noted that the purpose of Section 435 of the Act (imposition of penalties) is to "give the department needed powers and mechanisms to require employers to make reasonably prompt payment of compensation."[8] 156 Pa.Commonwealth Ct. at 249, 627 A.2d at 223. We further noted that violations of the Act with respect to nonpayment of compensation exist independently of the merits of the case, and penalty proceedings may be brought before the workers' compensation authorities while the merits of the case are pending before this Court. *Id.* at 246, 627 A.2d at 221. *See also M.D.S. Laboratories,* 125 Pa.Commonwealth Ct. at 463, 558 A.2d at 149 (violations of the Act with respect to prompt payment of compensation exist *independently* of merits).

As noted in *Cunningham,* in order to avoid penalties for nonpayment pursuant to Section 430(b) of the Act, 77 P.S. § 971(b),[9] an employer must file *and be granted* a supersedeas (emphasis in original). *Id.* at 249, 627 A.2d at 222. In the present case, Employer was never granted a supersedeas in regard to the underlying compensation award. Although Employer eventually prevailed on the merits, this does not excuse the earlier violations of the Act.

Accordingly, we reverse the order of the Board and reinstate the referee's December 10, 1991, award of penalties.

## ORDER

AND NOW, this 20th day of July, 1994, the order of the Workmen's Compensation Appeal Board, in the above-captioned matter, dated October 22, 1993, is reversed and the

8. To hold otherwise would create an unnecessary financial hardship on the claimant. *Cunningham* at *Id.*

9. This section states:

   **Effect of appeal on lien of judgment; petition for supersedeas; penalty for failure to make payment**
   (b) Any insurer or employer who terminates, decreases or refuses to make any payment provided for in the decision without filing a petition and being granted a supersedeas shall be subject to a penalty as provided in section 435, except in the case of payments terminated as provided in section 434.

referee's award of penalties, dated December 11, 1991, is reinstated.

KELLEY, Judge, dissenting.

I respectfully dissent. While I agree that the employer should be sanctioned with a fine and penalty, I believe that the majority has misapplied the section relied upon.

Section 435 of the Act, 77 P.S. § 991, specifically refers to the implementation of:

(d)(i) Employers and insurers may be penalized a sum not exceeding ten per centum of the amount awarded and interest accrued and payable: Provided, however, That such penalty may be increased to twenty per centum in cases of unreasonable or excessive delays. Such penalty shall be payable to the same persons to whom the compensation is payable.

The language specifically restricts the penalty to be based on the amount of the award. Since in this case the award was not sustained on appeal, there is no underlying basis upon which to make the percentage of the penalty applicable.

I, therefore, believe it is erroneous for reliance on section 435 of the Act to impose the penalty.

Accordingly, I would remand with instructions to assess a penalty upon the employer based upon the avoidance of the payment, a supersedeas having been denied of an outstanding order, and obligation to pay compensation.

Accordingly, I dissent on the reasoning of the majority.