CRUCIBLE, INC., Petitioner,

v.

**WORKERS' COMPENSATION APPEAL BOARD (VINOVICH), Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs May 22, 1998.

Decided June 25, 1998.

Daniel J. Iler, Washington, for petitioner.

John J. Petrush, Beaver, for respondent.

Before McGINLEY and LEADBETTER, JJ., and RODGERS, Senior Judge.

RODGERS, Senior Judge.

Crucible, Inc. (Employer) petitions for review of an order of the Workers' Compensation Appeal Board (Board) that affirmed a workers' compensation judge's (WCJ) decision granting William Vinovich's (Claimant) petition for penalties. We affirm.

Claimant filed a claim petition requesting specific loss of use benefits for the loss of hearing for all practical intents and purposes

as of November 5, 1984. After several years of litigation, the WCJ awarded benefits on December 20, 1990. Employer filed a timely appeal to the Board and requested a supersedeas, which the Board granted on February 1, 1991. On September 30, 1991, the Board affirmed the WCJ's decision granting benefits to Claimant.[1] Employer then filed a timely appeal to this Court and requested that both the Board and this Court grant a supersedeas. The Board denied the supersedeas request on November 18, 1991, and this Court denied the request on November 25, 1991.

Subsequent to the Board's decision on September 30, 1991, affirming the grant of benefits, Claimant's counsel wrote several letters to Employer's attorney concerning Employer's failure to begin payments to Claimant. When payments were not made, Claimant filed a penalty petition on November 4, 1991, alleging that Employer had violated the Workers' Compensation Act (Act), Act of June 2, 1915, P.L. 736, *as amended,* 77 P.S. §§ 1–1041.4, 2501 – 2626, by failing to make timely payments of benefits due Claimant. The first hearing on the penalty petition was held on December 20, 1991, at which time Employer paid the specific loss benefits, medical expenses, attorney fees and costs as originally awarded by the WCJ and affirmed by the Board. Employer sent the statutory interest payment due on the compensation benefits to Claimant on February 28, 1992.[2] On April 27, 1992, this Court issued an order dismissing Employer's appeal from the order granting the specific loss benefits for failure by Employer to file a brief and reproduced record.[3]

At the December 20, 1991 hearing on Claimant's penalty petition, Claimant presented documentation evidencing the above noted procedural history of the litigation. The WCJ outlined the documentation in his findings of fact and further found that Em-

---

**1.** As of the date of the Board's decision on September 30, 1991, Employer owed Claimant $59,020.00 for specific loss benefits.

**2.** By the date that the interest payment was made to Claimant, the total amount that had accrued equaled $30,665.07.

**3.** In its brief to this Court in the present matter, Employer explains that it had not pursued the appeal of the award of specific loss benefits because decisional law did not support its position.

ployer "offered no valid excuse or explanation for failure to comply with payment of the compensation or statutory interest due Claimant in accordance with the ... Act ...." (WCJ's decision, September 26, 1995, p. 3). The WCJ concluded that: 1) Claimant had met his burden of proving Employer's violation of the Act, 2) Claimant was entitled to a ten-percent penalty on the specific loss benefits and accrued interest and 3) Claimant was entitled to a ten-percent penalty for Employer's unreasonable delay in making these payments. Employer appealed and the Board affirmed.

On appeal to this Court,[4] Employer argues that the WCJ erred in assessing a penalty on the sum paid for the specific loss benefits, medical expenses, attorney fees and costs because that sum was paid within thirty days of the order issued by this Court denying the petition for supersedeas and within ninety days of the Board's decision affirming the WCJ's decision. Employer also argues that a total penalty of twenty percent is excessive in this case because any delay was not unreasonable.

Employer recognizes that Section 435 of the Act, 77 P.S. § 991, confers the power on a WCJ to award a penalty for a violation of the Act and that Section 428 of the Act, 77 P.S. § 921, allows for the entry of judgment where an employer is in default of payment on an award by a WCJ for thirty days or more. However, Employer contends that these two sections are mutually exclusive, and that until the decision in *Cunningham v. Workmen's Compensation Appeal Board (Inglis House)*, 156 Pa.Cmwlth. 241, 627 A.2d 218 (1993), the Act was not interpreted to create the thirty day measure of reasonableness in making payments. Thus, Employer argues that in 1991 when this case arose, *Cunningham* was not the law.

In response Claimant cites numerous sections of the Act and case law that belie Employer's assertion. Section 401.1 of the Act, 77 P.S. § 710,[5] requires the Department of Labor and Industry to enforce time standards and performance standards "for the prompt processing of injury cases and payment of compensation when due by employers and insurers both upon petition by a party or on its own motion." Section 431(b) of the Act, 77 P.S. § 971(b), states:

(b) Any insurer or employer who terminates, decreases or refuses to make any payment provided for in the decision without filing a petition and being granted a supersedeas shall be subject to a penalty as provided in section 435 except in the case of payments terminated as provided in section 434.

Section 435(d) of the Act, 77 P.S. § 991(d), provides that:

(d) The department, the board, or any court which may hear any proceedings brought under this act shall have the power to impose penalties as provided herein for violation of the provisions of this act or such rules and regulations or rules of procedure:

(i) Employers and insurers may be penalized a sum not exceeding ten per centum of the amount awarded and interest accrued and payable: Provided, however, That such penalty may be increased to twenty per centum in cases of unreasonable or excessive delays. Such penalty shall be payable to the same persons to whom the compensation is payable.

Claimant cites various cases to show that the law in *Cunningham* is not the change in the law that Employer asserts it is. In *Moody v. Workmen's Compensation Appeal Board (Philadelphia Inquirer)*, 127 Pa. Cmwlth. 65, 560 A.2d 925 (1989), the court held that the employer was subject to penalties for unilaterally refusing to pay compensation when the referee's order directing payment was in effect and a supersedeas had been denied with respect to 80% of the com-

---

4. Our scope of review in a workers' compensation appeal is limited to determining whether an error of law was committed, constitutional rights were violated, or whether necessary findings of fact are supported by substantial evidence. Section 704 of the Administrative Agency Law, 2 Pa.C.S. § 704. *Russell v. Workmen's Compensa-*

*tion Appeal Board (Volkswagen of America)*, 121 Pa.Cmwlth. 436, 550 A.2d 1364 (1988).

5. Added by Section 3 of the Act of February 8, 1972, P.L. 25.

pensation awarded. This was the holding of the court despite the employer's eventual success on remand where the benefits were suspended on the date following the day employer stopped paying compensation. The *Moody* court stated:

> Employer's proper recourse is to pay as ordered, file for supersedeas, and if denied then to apply to the [Supersedeas] Fund for reimbursement if Employer is ultimately successful. The ... [Act] does not give the [e]mployer the right of self-help.

*Id.* 560 A.2d at 927. *See also M.D.S. Laboratories v. Workmen's Compensation Appeal Board (Munchinski),* 125 Pa.Cmwlth. 460, 558 A.2d 148 (1989) (despite delay by Board in denying supersedeas request, the employer should have regarded the request as a denial and honored its obligation to pay compensation thereby insuring its eligibility for a refund from the Supersedeas Fund upon ultimate success); *Holy Spirit Hospital v. Workmen's Compensation Appeal Board,* 46 Pa.Cmwlth. 372, 406 A.2d 583 (1979) (penalty proper when employer stops payment of compensation before a referee suspends benefits and for nonpayment after suspension is lifted by the Board); *Lord v. Workmen's Compensation Appeal Board,* 38 Pa.Cmwlth. 626, 395 A.2d 598 (1978) (penalties may be imposed for failure to make prompt payment of compensation or for improper suspension of benefits).

■ The holdings in the above cited cases show that *Cunningham* was not a change in the law, but is a rendition of what the law was at the time this case was litigated and still is today. Employer's obligation to pay arose when the Board affirmed the award of compensation on September 30, 1991, and Employer's failure to begin making payments within thirty days of that order was a clear violation of the Act. The filing of an appeal and the request for a supersedeas is an insufficient basis to suspend the employer's obligation to pay benefits. *Id.*

■ Employer provides no law to support its contention that it had not violated the Act by paying Claimant's benefits within thirty days after this Court denied its supersedeas request. Thus, pursuant to *Cunningham, Moody, M.D.S. Laboratories, Holy Spirit,*

*Lord* and the various sections of the Act cited above, we hold that the thirty-day time limit begins when the order to pay is entered and no supersedeas has been granted.

■ Next, citing *Moore v. Workmen's Compensation Appeal Board (International Service System),* 137 Pa.Cmwlth. 582, 586 A.2d 1047 (1991), and *St. Margaret Memorial Hospital v. Workmen's Compensation Appeal Board (Kusenko),* 152 Pa.Cmwlth. 631, 620 A.2d 586 (1993), Employer argues that it should not be required to pay Claimant until it has at least filed a request for supersedeas because no recovery from the Supersedeas Fund will be forthcoming for payments made prior to the filing for supersedeas. Employer has correctly stated the law, but contends that this policy is unreasonable. However, the language of the Act dictates the procedure to be followed and this Court has interpreted this language and explained that "no appeal shall act as a supersedeas unless the board or court to which the appeal is taken grants the supersedeas." *Winkelmann v. Workmen's Compensation Appeal Board (Estate of O'Neill),* 166 Pa.Cmwlth. 154, 646 A.2d 58, 60 (1994), *petition for allowance of appeal denied,* 540 Pa. 609, 655 A.2d 996 (1995) (quoting *M.D.S. Laboratories,* 558 A.2d at 149). Absent a supersedeas, the employer carries the burden of paying compensation during the litigation period. *Winkelmann.*

Again, noting that no case law supports its position, Employer next argues that a twenty-percent penalty is unreasonable in light of the fact that Employer paid the principal amount within three months of the Board's order. Essentially, Employer contends that a penalty in excess of ten percent is an abuse of discretion where the penalty is requested only for the failure to pay interest in a timely manner. Employer minimizes its failure to pay the compensation due Claimant in a timely fashion and compounds that failure by waiting an additional two months to pay the interest due.

■ Section 406.1 of the Act, 77 P.S. § 717.1, requires the payment of interest on all due and unpaid compensation "whenever there is a delay in payment beyond twenty-

one days regardless of the reason for the delay." *Kerns v. Workmen's Compensation Appeal Board (Colt Resources, Inc.),* 149 Pa. Cmwlth. 268, 613 A.2d 85, 91 (1992). Interest payable pursuant to Section 406.1 of the Act constitutes a portion of the total amount upon which penalties are assessed. *Becerra v. Workmen's Compensation Appeal Board (Leaseway Systems),* 137 Pa.Cmwlth. 362, 586 A.2d 485 (1991). Moreover, the imposition of a penalty and the amount of the penalty are discretionary and absent an abuse of discretion by the WCJ or the Board will not be overturned on appeal. *Cf. Department of Labor and Industry v. Workmen's Compensation Appeal Board,* 49 Pa. Cmwlth. 404, 410 A.2d 1325 (1980).

The WCJ found that a violation of the Act had occurred and that Employer provided no valid excuse or explanation for failing to pay the compensation or the interest in a timely manner. Thus, the WCJ concluded that Claimant was entitled to a ten-percent penalty for Employer's violation of the Act and a ten-percent penalty for unreasonable delay. Having reviewed the record, the pertinent provisions of the Act and the case law, we conclude that the WCJ did not abuse his discretion in assessing the penalties. Accordingly, we affirm the Board's order.

### ORDER

NOW, June 25, 1998, the order of the Workers' Compensation Appeal Board, at No. A95–4056, dated November 4, 1997, is affirmed.