Moses THOMAS, Petitioner

v.

**WORKERS' COMPENSATION AP-
PEAL BOARD (DELAWARE
COUNTY), Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Oct. 1, 1999.

Decided Feb. 25, 2000.

George J. Badey, III, Philadelphia, for petitioner.

Robert F. Kelly, Jr., Media, for respondent.

Before SMITH, J., FLAHERTY, J., and JIULIANTE, Senior Judge.

SMITH, Judge.

Moses Thomas petitions for review of the January 26, 1999 order of the Workers' Compensation Appeal Board (Board) that affirmed the March 6, 1996 order of Workers' Compensation Judge (WCJ) Fred J. Troillo and dismissed Thomas' appeal. WCJ Troillo dismissed Thomas' petition for penalties alleging that Delaware County (Employer) violated the Pennsylvania

Workers' Compensation Act (Act) [1] by refusing to pay 100 percent of the compensation due Thomas under the March 17, 1993 order of a workers' compensation referee granting Thomas' claim petition and also awarding him counsel fees of twenty percent over and above compensation. WCJ Troillo also dismissed Thomas' request for counsel fees in connection with his efforts to enforce Employer's compliance with the referee's order.

Thomas questions whether the WCJ erred or abused his discretion in denying penalties against Employer for its refusal to pay compensation benefits to Thomas of over $12,000 for a period of over 14 months, and whether the WCJ's decision that Employer did not unreasonably withhold compensation from December 3, 1993 through January 24, 1994 was based upon substantial evidence. Thomas further questions whether the WCJ erred or abused his discretion in denying additional counsel fees, although the WCJ acknowledged that Employer failed to compensate Thomas at his full disability rate for over 14 months.

## I.

This Court considered an earlier stage of this proceeding in *County of Delaware v. Workmen's Compensation Appeal Board (Thomas) (Thomas I)*, 168 Pa. Cmwlth.231, 649 A.2d 491 (1994). There the Court affirmed the decision of the Board, which affirmed the March 1993 decision of the referee that Thomas suffered a severe, work-related back injury on March 24, 1991 while working as a correctional officer. The referee granted Thomas' claim petition and required Employer to pay benefits from the date of injury and continuing at the rate of $381.06 per week. The referee also ruled that Employer had presented an unreasonable contest to the claim, and he ordered payment of counsel fees of twenty percent over and above the compensation awarded. Employer appeal-

ed and also filed a request for supersedeas, which the Board denied on April 21, 1993.

Employer made no payments of any kind as of April 1993, and the total due was in excess of $50,000. On May 28, 1993, Employer commenced payment of weekly benefits but not of the past-due amount. Also, Employer sent eighty percent of the weekly rate of $381.06 to Thomas and twenty percent to his counsel. Thomas filed the petition for penalties involved here on June 7, 1993, alleging that Employer failed to pay past-due compensation and that its insurer had informed the medical services provider that it would not make payments because the decision was being appealed. On June 15, 1993, Employer mailed checks for $37,468.77 to Thomas and for $9,367.19 to his counsel, representing eighty percent and twenty percent respectively of past-due sums owed to Thomas, again without payment of the twenty percent over and above compensation that had been ordered. Employer filed a second request for a supersedeas in July 1993, which the Board denied on July 28, 1993, except to the extent of authorizing Employer "to retain the penalty and attorney fees for unreasonable contest until we render a Decision on the merits."

On July 30, 1993, Thomas filed a praecipe to enter judgment against Employer in the Court of Common Pleas of Delaware County pursuant to Section 428 of the Act, added by Section 6 of the Act of June 26, 1919, P.L. 642, 77 P.S. §§ 921 and 951, averring damages of $11,296.52 due and owing as of June 23, 1993 under the referee's decision. In September 1993 Employer filed a petition to open or to strike the judgment. In December 1993 the Board affirmed the entire award for benefits and for counsel fees of twenty percent over and above compensation. Employer's petition for review of that order was the subject of the Court's decision in *Thomas I*. Despite denial of Employer's request for supersedeas by the Board and by this Court,

1. Act of June 2, 1915, P.L. 736, *as amended,* 77 P.S. §§ 1–1041.4, 2501–2626.

Employer continued to withhold payment of the full amount ordered, and on March 24, 1994 Thomas filed a motion for a writ of mandamus execution in the court of common pleas. On May 25, 1994, Employer made payment of the $12,509.33 that was due at that point.

In dismissing Thomas' penalty petition, WCJ Troillo found that, although Thomas was still owed approximately $9,606.11 as of June 1993, Employer was uncertain regarding payment of the amount because of the Board's partial supersedeas in July 1993 and Employer's further applications for supersedeas filed with the Board in December 1993 and with the Court in February 1994. The WCJ specifically found that Employer did not unreasonably or excessively delay payment under those circumstances. Further, he stated that the testimony and affidavits submitted by Thomas' counsel on behalf of his request for counsel fees pursuant to Sections 440 and 442 of the Act, added by Section 3 of the Act of February 8, 1972, P.L. 25, 77 P.S. §§ 996 and 998, were disallowed as a matter of law in the absence of a showing that Employer engaged in an unreasonable contest or that there existed a quantum meruit counsel fee agreement between Thomas and his counsel pursuant to Section 442 in connection with the penalty petition.

The WCJ stated further that any fees or expenses incurred for anything outside the penalty petition forum (i.e., in the common pleas proceedings) were clearly not allowable. He stated that the requested counsel fee of $275 per hour was disallowed and that a reasonable fee would be $90 per hour; however, that fee was disallowed for the reasons noted above. Finally, the WCJ found credible the testimony of Employer's witness Maureen Williams that the printout of payments made to Thomas established that he had been paid all that

he was entitled to be paid. In Conclusion of Law No. 5, the WCJ stated that Thomas was entitled to a penalty of ten percent on the $9,606.11 that was owed to him but that because the amount owed did not represent indemnity compensation no penalty could accrue.

In affirming, the Board stated that Employer failed to pay Thomas' counsel until after the WCJ made a final determination as to whether there was a reasonable contest and the appropriate fee was actually determined. The Board stated that Employer had a legitimate concern as to whether an hourly counsel fee rate of $275 would be approved. It concluded that substantial evidence supported the WCJ's decision. In denying Thomas' petition for rehearing, the Board stated that *Crucible, Inc. v. Workers' Compensation Appeal Board (Vinovich)*, 713 A.2d 749 (Pa. Cmwlth.1998), upon which Thomas relied, had reaffirmed the principle that a violation of the Act does not mandate the imposition of penalties under Section 435, added by Section 3 of the Act of February 8, 1972, P.L. 25, 77 P.S. § 991. Instead, the Act commits that decision to the sole discretion of the WCJ.[2]

## II.

An employer violates Section 428 of the Act, 77 P.S. § 921, if the employer does not begin to make payments within thirty days of the date on which its obligation to pay arises. *Cunningham v. Workmen's Compensation Appeal Board (Inglis House)*, 156 Pa.Cmwlth. 241, 627 A.2d 218 (1993). Section 430(b) of the Act, 77 P.S. § 971(b), provides that "[a]ny insurer or employer who terminates, decreases or refuses to make any payment provided for in the decision without filing a petition and being granted a supersedeas shall be subject to a penalty as provided in Section 435 ...." As amended by Section

**2.** The Court's review of the Board's decision is limited to determining whether there was an error of law or a constitutional violation and whether the necessary findings of fact are supported by substantial evidence in the record. *Russell v. Workmen's Compensation Appeal Board (Volkswagen of America)*, 121 Pa. Cmwlth. 436, 550 A.2d 1364 (1988).

18.1 of the Act of June 24, 1996, P.L. 350, the maximum penalty has been increased to fifty percent. Section 435(d) formerly allowed a ten percent penalty that could be increased to twenty percent in cases of unreasonable or excessive delay.

Thomas begins by noting that the WCJ's discretion in imposing penalties is not unfettered. *Croman v. Workers' Compensation Appeal Board (Township of Marple)*, 706 A.2d 408 (Pa.Cmwlth.1998). He correctly notes that Employer violated the Act on numerous occasions. First, Employer failed to make payments within thirty days of the referee's initial award of March 17, 1993. While the failure to make an appropriate lump-sum payment was ongoing, Employer began making bi-weekly indemnity payments in May 1993 but not at 100 percent of the compensation rate or the twenty percent over and above compensation that the referee ordered. In July 1993 the Board granted partial supersedeas to Employer, but an order granting a supersedeas may not be given retroactive effect. *Cunningham.* Thus the lump-sum payment made in June 1993 represented a further violation of the Act, as was the delay of three months in making the payment. Employer also violated the Act when it failed to make payment of the accumulated additional compensation until May 1994.

Finally, Thomas repeats his assertion that Employer failed to make any payments at all for portions of December 1993 and January 1994. The printouts of payments sponsored by Williams do not reflect payments during this period, and Employer offered no other evidence of payment. Therefore, the WCJ's finding that Thomas was "paid all that he is entitled to be paid" is not supported by any evidence. Thomas argues that all of these violations constitute unreasonable and excessive delay justifying a penalty of twenty percent under Section 435(d). Employer does not dispute these violations, except as to the alleged gap in payments; rather, it characterizes them as minor and admitted delays in payment.

Employer focuses on statements that the imposition of penalties is a matter of discretion, *Crucible; McKay v. Workmen's Compensation Appeal Board (Bethenergy Mines, Inc.)*, 654 A.2d 262 (Pa.Cmwlth. 1995), and that a violation of the Act by itself does not mandate the imposition of penalties, *Shaffer v. Workmen's Compensation Appeal Board (Avon Products, Inc.)*, 692 A.2d 1163 (Pa.Cmwlth.1997); *Campbell by Campbell v. Workmen's Compensation Appeal Board (Hards Constr. Co.)*, 695 A.2d 976 (Pa.Cmwlth.1997). Finally, Employer contends that penalties under Section 435 of the Act are payable only on past-due compensation, and, without citation, Employer asserts that the Court has held repeatedly that counsel fees are not compensation and therefore are not subject to penalties.

■ *The Court notes that the Board erred in stating that the fundamental issue in this case was Employer's failure to pay fees due to Thomas' counsel.* First, Employer initially refused to pay directly to Thomas 100 percent of the compensation that the referee ordered in March 1993. Second, Employer's claims of confusion and uncertainty find no support in the law. Except for the period of partial supersedeas from July to December 1993, Employer was at all times after March 1993 under an order to pay directly to Thomas 100 percent of the compensation awarded by the referee, yet it failed to do so until May 1994. The record thus establishes a pattern of Employer's flouting its clear obligations under the Act, and the implication that Employer could withhold payment during its appeal without a supersedeas is plain error. The filing of an appeal and a request for supersedeas is not sufficient to suspend an employer's obligation to pay. *Crucible.*

■ In *Lakomy v. Workers' Compensation Appeal Board (Department of Environmental Resources)*, 720 A.2d 492 (Pa.

Cmwlth.1998), the Court examined the discretion of the WCJ in regard to penalties. The Court specifically rejected the proposition that the WCJ could take into account extenuating circumstances or extraneous factors that did not go to the violation. The Court illustrated with the example that a WCJ would abuse his or her discretion if the WCJ excused an employer's cessation of payments because the evidence showed that it was a close call as to whether the claimant's injury was work-related. Here, the WCJ and the Board focused on issues relating to Thomas' counsel's claims for other fees, and they thereby excused persistent and substantial violations of the Act. Under *Lakomy* such actions constitute an abuse of discretion, and as a consequence this case must be remanded for the determination of appropriate penalties.

▮ Thomas also argues that his counsel is entitled to a reasonable fee for his efforts in forcing Employer to comply with its obligations under the Act, i.e., in pursuing the penalty petition and the proceedings in common pleas court. Thomas states in his brief that since earning the original counsel fees awarded in March 1993, his counsel has been required to brief the issues and to appear twice before the Board, the WCJ and this Court and once before the Pennsylvania Supreme Court. Pursuant to Section 440 of the Act, counsel fees are the norm; where awarded, the WCJ must make a finding as to the amount and length of time for which the fee is payable based upon such matters as the complexity of the factual and legal issues, the skill required, the duration of the proceedings and the time and effort expended. Pursuant to Section 442, the WCJ may allow reasonable counsel fees exceeding twenty percent of the amount awarded at the discretion of the WCJ.

▮ Employer's numerous violations of the Act, with no arguably valid rationale, lead the Court to conclude that Employer's contest of the penalty petition was unreasonable. The Court flatly rejects the WCJ's assertion that counsel fees should be barred here where counsel was required to perform considerable legal services spanning several years after obtaining the initial, favorable award in March 1993. *See Weidner v. Workmen's Compensation Appeal Board,* 497 Pa. 516, 442 A.2d 242 (1982) (discussing the legislative purposes behind Sections 440 and 442 of the Act and holding that no statutory prohibition existed against payment of reasonable counsel fees in unreasonable contest cases where counsel provided valuable professional services on behalf of the claimant). Accordingly, Thomas is entitled to reasonable counsel fees relating to the penalty petition and his efforts to enforce Employer's compliance with the Act.

Finally, there remains the question of counsel fees requested in connection with the common pleas court proceedings by which Thomas sought to compel Employer to satisfy its obligations under the Act. The WCJ stated, without authority, that fees not directly related to the penalty proceeding before him were not allowable. The Board did not separately address this matter. On remand the Board or the WCJ shall provide a sufficient explanation for denying these fees so as to permit appellate review should this matter again be appealed to the Court. *See* Section 422 of the Act, 77 P.S. § 834. The order of the Board is reversed, and this case is remanded to the Board to take appropriate steps to determine the proper penalties and counsel fees that shall be awarded in this case.

## ORDER

AND NOW, this 25th day of February, 2000, the order of the Workers' Compensation Appeal Board is reversed, and this matter is remanded to the Board for proceedings consistent with the foregoing opinion.

Jurisdiction is relinquished.