598 A.2d 1088

Seymour HOCHMAN, Dec'd., Sylvia Hochman
Rosenthal, Widow, Petitioner,

v.

WORKMEN'S COMPENSATION APPEAL BOARD
(S & S ASSOCIATES, INC.), Respondent.

Commonwealth Court of Pennsylvania.

Argued Sept. 13, 1991.

Decided Oct. 31, 1991.

Anthony J. Bilotti, for petitioner.

Richard J. Davies, for respondent.

Before DOYLE and BYER, JJ., and LORD, Senior Judge.

DOYLE, Judge.

Sylvia Hochman Rosenthal (Claimant) appeals an order of the Workmen's Compensation Appeal Board (Board) which affirmed a referee's decision to dismiss her "Petition For Reinstatement of Compensation."

On December 12, 1983, Claimant filed a petition for reinstatement of her workmen's compensation benefits averring that Excelsior Insurance Company of New York (Insurer) acted unlawfully when it stopped payment on a $48,000.00 check paid to her for widow's benefits. In this most unusual case, Referee Jerold G. Klevit made the following findings of fact and conclusions of law:

## FINDINGS OF FACT

1. On or about September 14, 1977 Claimant-widow filed a Fatal Claim Petition against the within named employer. After protracted litigation regarding the dependency of the widow on the decedent, this Referee issued a decision, dated March 17, 1981, awarding widow's death benefits to Claimant. This decision was appealed by Defendant to the Workmen's Compensation Appeal Board with a request to the WCAB for a supersedeas. The WCAB granted the request for supersedeas, and thus no payments were made on the Referee's award.

2. On July 29, 1982 the WCAB entered an opinion and order and affirmed the Referee's decision.

3. Defendant immediately appealed to the Commonwealth Court and applied to the WCAB for a supersedeas

during the pendency of proceedings before the Commonwealth Court.

4. [T]he WCAB denied Defendant's request for supersedeas during the pendency of the appeal before the Commonwealth Court.

5. Defendant then applied to the Commonwealth Court itself for reconsideration of the supersedeas request.

6. On May 20, 1983 the Commonwealth Court entered an order denying the request for supersedeas.

7. On or about July 1, 1983 Defendant sent compensation checks dated June 26, 1983, representing Claimant's share and the attorney's share, including interest, to the office of Claimant's attorney in accordance with the Commonwealth Court's ruling on the request for supersedeas.

8. On September 1, 1983 the Commonwealth Court entered an opinion and order reversing the WCAB and the Referee and dismissing widow's Fatal Claim Petition.[1]

9. Claimant filed a Petition for Allowance of Appeal to the Pennsylvania Supreme Court. That petition was denied by the Supreme Court on January 16, 1984.

10. On September 8, 1983 ... the attorney then handling the file for the Defendant ... became aware that the checks, which had left her hands on or before July 1, 1983, and which were for payment pursuant to the Referee's decision, had not been cashed.

. . . .

12. Subsequently, because of concern as to the viability of a claim against the Supersedeas Fund for money that would have actually been collected by Claimant after the case had been determined in favor of Defendant, Ms. McLaughlin [Defendant's attorney] contacted her client and advised that payment on the checks be stopped.

13. Claimant attempted to negotiate her check on or about September 14, 1983, but was unable to do so because by that time a stop payment order had been issued by Defendant.

1. *S and S Associates, Inc. v. Workmen's Compensation Appeal Board (Hochman)*, 77 Pa.Commonwealth Ct. 11, 465 A.2d 57 (1983).

14. The Referee finds that no payment was due Claimant subsequent to the September 1, 1983 Commonwealth Court reversal of the WCAB and the Referee.

## CONCLUSIONS OF LAW

1. The May 20, 1983 Commonwealth Court interlocutory supersedeas order regarding payment of money due Claimant under the Referee's decision was extinguished by the Commonwealth Court's final order on September 1, 1983.

2. Under the Rules of Appellate Procedure, there is no right to appeal to the Supreme Court in connection with an order of the Commonwealth Court in a workmen's compensation case. Thus, the Referee concludes that the Order of September 1, 1983 was final unless and until the Supreme Court accepted jurisdiction over the case. Furthermore, even if the Supreme Court had accepted jurisdiction of the case, any duty to pay under the Referee's award would not have revived until and unless there was an order by the Supreme Court directing payments after that Court's consideration of the merits of the case.

3. Defendant had no duty to pay Claimant after it had been determined that no money was due.

4. The Referee finds no legal or equitable basis upon which to order payments which had been determined not to be due Claimant under the principles set forth in *Shannon v. Southwark Metal Mfg. Co.*, 27 Pa.Cmwlth. 461, 366 A.2d 963 (1970).

Claimant appealed to the Board which affirmed the referee and this appeal followed.

Claimant contends that (1) the referee erred in concluding that Insurer did not unlawfully recoup payment of benefits directly from her when it placed a stop order on a check in her possession, (2) the referee erred in determining that there is no legal basis for reinstating benefits improperly recouped from a claimant, and (3) the referee erred in not imposing a penalty on Insurer for recouping benefits for a claimant in violation of the Act.

 In the instant case, Claimant filed a "Petition for Reinstatement of Compensation" in which she requested the referee to "enter an award reinstating his prior order ... requiring defendant to pay compensation...." This Court, however, in *S and S Associates, Inc.* determined that Claimant was not entitled to any workmen's compensation benefits. Referee Klevit correctly determined that a referee does not have the power to reinstate a claimant's benefits after this Court determines that the claimant is not entitled to those benefits. To permit Claimant to prevail would be to allow a lower tribunal to, in essence, reverse this Court, an intolerable result,[2] and such result would also play havoc with the legal principle of res judicata by, in essence, allowing Claimant to bring a new cause of action on a claim previously litigated.[3] Therefore, the referee correctly concluded[4] that there was no legal or equitable basis for him to award Claimant the relief she sought.[5]

Accordingly, the order of the Board is affirmed.[6]

## ORDER

NOW, October 31, 1991, the order of the Workmen's Compensation Appeal Board in the above-captioned matter is affirmed.

2. *See Rice v. Workmen's Compensation Appeal Board (Rockwell International Corp.)*, 138 Pa.Commonwealth Ct. 555, 588 A.2d 1011 (1991).

3. *See, e.g., Bethlehem Steel Corp. v. Department of Environmental Resources*, 37 Pa.Commonwealth Ct. 479, 390 A.2d 1383 (1978), for discussion of the concept of res judicata.

4. The referee in this case had originally, and correctly in our view, dismissed claimant's petition for lack of jurisdiction. The Board, however, reversed and remanded for a hearing and the subsequent referee's decision formed the basis for this appeal.

5. Claimant may or may not have recourse against Insurer on the check itself under the Uniform Commercial Code—Commercial Paper, 13 Pa.C.S. §§ 3101–3805. We express no opinion on that matter except to note that jurisdiction over such a cause of action would not be with the Board or with this Court.

6. Because of our disposition in this case, we need not reach Claimant's other issues. We do note, however, that contrary to cases cited by Claimant, Insurer here did not delay in forwarding the check to her via her attorney.