Jack McKAY, Petitioner,

v.

**WORKMEN'S COMPENSATION AP-
PEAL BOARD (BETHENERGY
MINES, INC.), Respondent.**

Commonwealth Court of Pennsylvania.

Submitted Nov. 18, 1994.

Decided Jan. 31, 1995.

Holly L. Stabile, for petitioner.

Daniel J. Iler, for respondent.

Before SMITH and KELLEY, JJ., and KELTON, Senior Judge.

KELTON, Senior Judge.

Claimant Jack McKay petitions for review of the April 26, 1994 order of the Workers' Compensation Appeal Board (Board) reversing the Referee's award of penalties against Employer Bethenergy Mines, Inc. pursuant

to Section 435 of the Pennsylvania Workers' Compensation Act (Act).[1]

 The issue before us for review is whether Employer violated the Act by failing to meet its burden in a modification proceeding, thereby entitling Claimant to a penalties award. We affirm the order of the Board.[2]

## Facts

Claimant suffered a work-related injury and received workers' compensation benefits. (Finding of Fact No. 1.) Employer filed a modification petition alleging availability of work. (Finding of Fact No. 2.) The Referee denied the modification petition. (Finding of Fact No. 3.) On May 5, 1993, Claimant filed a petition for penalties based upon the Referee's Findings of Fact in the modification petition decision. (Finding of Fact No. 4.) Specifically, the Referee found that Employer's medical expert did not approve the ten jobs referred to Claimant until after they were made available to him. (Finding of Fact No. 6.) The Referee determined that failing to provide medical approval of the jobs before they were made available to Claimant contradicts the standard set forth in *Kachinski v. Workmen's Compensation Appeal Board (Vepco Construction Company)*, 516 Pa. 240, 532 A.2d 374 (1987). (Finding of Fact No. 6.)

The Referee found that Employer violated the Act by filing the modification petition without the prior approval of its medical expert in direct contradiction of the holding in *Kachinski*. (Finding of Fact No. 8.) Therefore, the Referee assessed Employer with attorneys fees, penalties, costs and interests. (Conclusion of Law No. 5.)

1. Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. § 991.

2. Whether or not to impose a penalty for violation of the Act is a matter of discretion. *Ortiz v. Workmen's Compensation Appeal Board (Fair Tex Mills, Inc.)*, 102 Pa.Commonwealth Ct. 493, 518 A.2d 1305 (1986). Our scope of review is to determine whether the Board abused its discretion in reversing the Referee's imposition of penalties against Employer. *Smith v. Workmen's Compensation Appeal Board (Westinghouse Electric Corporation)*, 90 Pa.Commonwealth Ct. 246, 494 A.2d 877 (1985).

3. The *Kachinski* case sets forth a four-part test to determine whether benefits may be modified because work is available to a previously totally

Employer appealed the Referee's award of penalties to the Board. The Board noted that, in his petition, Claimant failed to cite any particular section of the Act or regulation allegedly violated by Employer's filing of the modification petition as required by Section 435. *Ortiz*, 102 Pa.Commonwealth Ct. 493, 518 A.2d 1305 (violation of Act must appear in record). The Board further found that Claimant's argument is in the nature of a motion for the assessment of attorney fees for an unreasonable contest pursuant to Section 440 of the Act but that Claimant failed to properly raise the issue of an unreasonable contest during the modification petition proceedings. The Board stated that the fact that Employer's evidence failed to meet the *Kachinski* standard does not give rise to a violation of the Act. The Board concluded that there was no violation of the Act or the applicable regulations and that penalties could not be awarded. We affirm.

## Discussion

 Claimant argues that the Board erred in reversing the penalties award because he met his burden of proving a violation of the Act. Specifically, Claimant argues that Employer blatantly violated the standards set forth in *Kachinski* by failing to provide medical evidence that Claimant was capable of performing a particular job before being sent to interview for that position.[3] Claimant contends that the Referee's credibility findings in Claimant's favor provide the basis for a penalties petition. We disagree.[4]

Section 435 provides in pertinent part as follows:

disabled claimant. An employer seeking to modify a claimant's benefits must produce medical evidence of a change in the claimant's condition. The employer must then produce evidence of referrals to jobs actually available to the claimant and *within the category of jobs for which the claimant has been cleared*. It is the claimant's burden of proving that he or she has followed through on the referrals in good faith. *Kachinski*, 516 Pa. at 252, 532 A.2d at 380.

4. Although Employer did not appeal the Referee's decision that it did not meet its burden under *Kachinski* in the modification petition proceedings, we note that recent decisions by this Court have concluded that an employer does not have to provide medical approval for each and

(d) The department, the board, or any court which may hear any proceedings brought under this act shall have the power to impose penalties as provided herein for violations of the provisions of this act or such rules and regulations or rules of procedure:

(i) Employers and insurers may be penalized a sum not exceeding ten per centum of the amount awarded and interest accrued and payable: Provided, however, That such penalty may be increased to twenty per centum in cases of unreasonable or excessive delays. Such penalty shall be payable to the same persons to whom the compensation is payable.

77 P.S. § 991.

■ It is clear that, under Section 435, an employer must commit a violation of the Act or its regulations for a claimant to prevail on a penalties petition. The most common violation by an employer which rises to the level of a violation of the Act is an excessive or unreasonable delay in payment of compensation to the claimant. *See, e.g., McGoldrick v. Workmen's Compensation Appeal Board (Acme Markets, Inc.),* 142 Pa.Commonwealth Ct. 558, 597 A.2d 1254 (1991). Claimant does not cite any provision of the Act or its regulations which Employer has allegedly violated. Claimant's claim for penalties is based solely on his argument that a failure of Employer to meet its burden of proof for modification under *Kachinski* is a violation of the Act. Claimant does not cite any authority supporting this argument. Further, Claimant contends that the fact that the Referee chose to believe his evidence over Employer's is proof that Employer violated the Act. We disagree.

■ This Court has held that mere credibility determinations in favor of a claimant do not make an employer's contest unreasonable. *Cleaver v. Workmen's Compensation Appeal Board (Robert E. Wiley/Continental Food Service),* 72 Pa.Commonwealth Ct. 487, 456 A.2d 1162 (1983). "The fact that the Referee found [the employer's] witnesses not

to be credible does not render the contest baseless. This is what referees are for where the testimony is inconsistent." *Id.* at 490, 456 A.2d at 1163. Similarly, penalty petitions are supportable only upon a finding of an employer's violation of the Act or its regulations and cannot be based merely upon an adverse ruling on a credibility issue.

■ At the modification petition proceeding, Employer attempted to prove that it complied with the standards for modification found in *Kachinski.* The Referee determined that Employer failed to meet its burden of proof. An employer's failure to meet the standards set forth in *Kachinski* will result in a denial of a modification petition but it is not a violation of the Act or its regulations. Therefore, the Board did not abuse its discretion in reversing the Referee's assessment of penalties against Employer.

For the reasons stated above, we affirm the order of the Board.

### ORDER

AND NOW, this 31st day of January, 1995, the order of the Workers' Compensation Appeal Board dated April 26, 1994 at No. A93–1451 is hereby affirmed.

---

every job made available to a claimant prior to referring the claimant to the job if the job falls within a particular category of work for which claimant has been cleared. *See Lukens, Inc. v.*

*Workmen's Compensation Appeal Board (Williams),* 130 Pa.Commonwealth Ct. 479, 568 A.2d 981 (1989), *petition for allowance of appeal denied,* 527 Pa. 656, 593 A.2d 426 (1990).