Judith SHANNON, Administratrix of the Estate of Kenneth E. Shannon, Petitioner,

v.

WORKMEN'S COMPENSATION APPEAL BOARD (CITY OF ERIE—FIRE DEPARTMENT), Respondent.

Commonwealth Court of Pennsylvania.

Submitted Jan. 3, 1997.
Decided March 20, 1997.
Reargument Denied April 24, 1997.

James P. Lay, III, Erie, for petitioner.

Valerie J. Sprenkle, Erie, for respondent.

Before DOYLE and PELLEGRINI, JJ., and RODGERS, Senior Judge.

DOYLE, Judge.

This appeal presents the unusual issue of whether a workers' compensation claimant, who at one time during the proceedings on her claim has been adjudicated entitled to benefits, may forfeit that entitlement by delaying her application for benefits until after this Court has determined the substantive issue against her.

The record reveals the following facts. The claimant, Kenneth Shannon, now deceased,[1] filed his original claim petition on November 16, 1981, wherein he alleged that a heart attack he suffered on December 4, 1980, was related to some thirty years of exposure to smoke, fumes and exertion while employed as a fire fighter with the City of Erie (Employer). The Workers' Compensation Judge (WCJ) denied compensation on November 29, 1984, and dismissed the petition for failure of the Claimant to provide timely notice of the injury to his Employer. On appeal, the Workmen's Compensation Appeal Board (Board) remanded the case for further findings on the issue of notice. The WCJ then found that appropriate and timely notice **had** been made and approved the petition on April 13, 1989. Employer filed a timely appeal on May 3, 1989 and a correlative application for supersedeas. The Board granted the supersedeas on October 6, 1989. However, Employer, unaware that the order granting supersedeas had been entered, on October 9, 1989, sent a check in the amount of $115,364.25 to Claimant's counsel pursuant to the WCJ's earlier determination of April 13th. Immediately upon becoming aware of the supersedeas order, however, later in the day of October 9th, Employer stopped payment on the $115,364.25 check.

The Board affirmed the WCJ's order of April 13th granting benefits on October 3, 1990, and Employer filed a timely appeal to this Court on October 31, 1990. However, Employer did not file a petition for supersedeas with this Court so that, on and after October 3, 1990, Claimant became entitled to compensation benefits pursuant to the Board's order. The appeal was argued before this Court en banc on February 5, 1992 and on April 10, 1992, this Court entered an opinion and order reversing the Workmen's Compensation Appeal Board, thus denying Claimant's petition for payment of workmen's compensation benefits.[2] Thereafter, the Pennsylvania Supreme Court, on October 15, 1993, affirmed *per curiam* our decision. *Shannon (WCAB) v. City of Erie*, 534 Pa. 263, 631 A.2d 595 (1993).

■ On October 7, 1993, one and one-half years after this Court entered its order deny-

---

1. As administratrix of the estate of Kenneth Shannon, deceased, Judith Shannon filed the instant appeal in this Court. We have designated her as the "Claimant" in our opinion when referring to the claimant after the appeal.

2. *City of Erie v. Workmen's Compensation Appeal Board (Shannon)*, 147 Pa.Cmwlth.210, 607 A.2d 327, *aff'd*, 534 Pa. 263, 631 A.2d 595 (1993).

ing benefits, the Claimant filed a Petition to Compel Payment of Compensation, Interest and Penalties pursuant to the April 13, 1989 order of the WCJ and the October 3, 1990 order of the Board.[3] The WCJ denied the petition on August 31, 1995, and the Board affirmed that decision on July 8, 1996.

Claimant contends that she is entitled to past due compensation pursuant to the WCJ's order of April 13, 1989, and argues that, although Employer petitioned the Board for a supersedeas on May 3, 1989, and the Board granted the supersedeas on October 6, 1989, nevertheless, the Board failed to rule on the request within the mandatory twenty days after the answer was received and, therefore, pursuant to 34 Pa.Code § 111.24(b),[4] the petition for supersedeas **was deemed denied** on May 25, 1989 and Employer was obligated to make payment of all past due compensation, with interest, within thirty days thereafter. *See* Section 428 of the Pennsylvania Workers' Compensation Act (Act).[5]

The WCJ found that Employer did indeed violate Section 428 of the Act, 77 P.S. § 921, by failing to make payment within thirty days after the supersedeas was deemed denied. However, he concluded that since Petitioner had not filed the Petition to Compel Payment of Compensation, Interest and Penalties until October 7, 1993,[6] nearly one and one half years after our Court reversed the order affirming the award of compensation, Claimant had failed to meet her burden of proving that she is entitled to any compensation, interest or penalties.

We agree with the WCJ's conclusion that our decision in *Cunningham v. Workmen's Compensation Appeal Board (Inglis House)*, 156 Pa.Cmwlth.241, 627 A.2d 218 (1993), is not controlling in the instant matter. In *Cunningham*, as here, the Board failed to rule on the petition for supersedeas within twenty days. We held that the employer was obligated to commence payments to the claimant within thirty days after its supersedeas request was deemed denied and, therefore, we remanded the matter to the Board and ordered that penalties against the employer be assessed. However, unlike the case *sub judice*, in *Cunningham* this Court had **affirmed** the award of compensation to the claimant.

This distinction is crucial because the Workers' Compensation Act contemplates an award of penalties only where a claimant has prevailed on the merits of the case. *See Shannon v. Southwark Metal Manufacturing Company*, 27 Pa.Cmwlth. 461, 366 A.2d 963 (1976); *Jaskiewicz v. Workmen's Compensation Appeal Board (James D. Morrisey, Inc.)*, 651 A.2d 623 (Pa.Cmwlth.1994). Section 431(d)(i) of the Act, 77 P.S. § 991(d)(i), provides that employers may be penalized by a sum not to exceed ten percent of the amount awarded. Because there is no compensation awarded in the instant matter, then there can be no penalties imposed at this juncture in the proceedings.

Claimant also relies on *Winkelmann v. Workmen's Compensation Appeal Board (Estate of O'Neill)*, 166 Pa.Cmwlth.154, 646 A.2d 58 (1994), *petition for allowance of appeal denied*, 540 Pa. 609, 655 A.2d 996 (1995), in which we held that penalty proceedings may be brought while the merits of the case are pending on appeal and that violations of the Act exist independently of the merits of the case. Thus, Petitioner argues that Em-

---

**3.** We note that in reviewing such matters, we must determine whether the Board abused its discretion in refusing to implement penalties against Employer. *McKay v. Workmen's Compensation Appeal Board (Bethenergy Mines, Inc.)*, 654 A.2d 262 (Pa.Cmwlth.1995).

**4.** Section 111.24(b) of the Code provides in pertinent part as follows:
> (b) The Board will rule on requests for supersedeas within 20 days of the date when the answer is due or the answer is received, whichever occurs first, or the request shall be deemed denied.

34 Pa.Code § 111.24(b).

**5.** Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. § 921.

**6.** We recognize that by filing the Petition to Compel Payment, Claimant did not avail herself of the remedy made available by § 428 of the Act, 77 P.S. § 921. Section 428 provides that where an employer has defaulted in his payments for thirty or more days, the claimant may enter judgment against the employer at the Office of the Prothonotary of the Court of Common Pleas.

ployer's eventual success on the merits of the original claim petition does not excuse the violations of section 428 of the Act. Although the principles of *Winkelmann* are still good law, we reject Claimant's contention that those principles apply here because, in *Winkelmann,* the claimant timely filed his Petition to Compel Payment while the appeal in our Court was still pending. In contrast, Claimant in the instant matter did not file her petition until one and one half years after we reversed the Board and dismissed the claim petition.

After reviewing our case law, we find that our decision in *Hochman v. Workmen's Compensation Appeal Board (S & S Associates, Inc.),* 143 Pa.Cmwlth.325, 598 A.2d 1088 (1991), is persuasive if not controlling. In *Hochman,* the claimant was initially awarded widow's death benefits by the Board. The employer appealed to this Court and applied for a supersedeas, which was denied, resulting in the employer sending compensation checks to the claimant. Thereafter, this Court reversed the award of benefits and, because of that decision, the employer stopped payment on the checks that were sent to claimant. The claimant then filed a petition for reinstatement of her benefits in which she requested the WCJ to " 'enter an award reinstating his prior order ... requiring [employer] to pay compensation.' " *Id.* 598 A.2d at 1090.

In affirming the order of the Board, we held the following:

> [A] referee does not have the power to reinstate a claimant's benefits after this Court determines that the claimant is not entitled to those benefits. To permit Claimant to prevail would be to allow a lower tribunal to, in essence, reverse this Court, an intolerable result, and such result would also play havoc with the legal principle of res judicata by, in essence, allowing Claimant to bring a new cause of action on a claim previously litigated.

*Id.* 598 A.2d at 1090 (footnote omitted).

For all of the reasons stated above, we also reject Claimant's second contention that she is entitled to benefits for the period of time when the case was pending before this Court and no supersedeas was issued because none was requested by the Employer. While Claimant might have taken steps to obtain benefits in the interim periods of time when there were extant orders awarding her workers' compensation benefits, and no valid supersedeas orders countermanded that entitlement, because no such steps were actually taken by the claimant, such entitlement was forfeited.

Since we find no abuse of discretion by the Board, we affirm the order denying Claimant's Petition to Compel Payment, Interest and Penalties.

Order affirmed.

PELLEGRINI, J., dissents.

### *ORDER*

**NOW,** March 20, 1997, the order of the Workmen's Compensation Appeal Board in the above-captioned matter is hereby affirmed.